**UNITED STATES of America, Plaintiff-Appellant,**

**William P. Thompson et al., Plaintiffs-Intervenors,**

v.

**WILCOX COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.**

**No. 75–1443.**

United States Court of Appeals, Fifth Circuit.

June 13, 1975.

---

Atty. Gen., Dept. of Justice, Civil Rights Div., Washington, D. C., Robert Pressman, Atty., U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., Theodore E. Ravas, Jr., Atty., Education Section, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., Cynthia Attwood, Brian K. Landsberg, Dept. of Justice, Civil Rights Div., Washington, D. C., for plaintiff-appellant.

Gordon Madison, Asst. Atty. Gen. of Ala., Montgomery, Ala., for A. R. Meadows and others.

W. McLean Pitts, Selma, Ala., Lead Counsel for G. S. Kelly and others.

L. Y. Sadler, Jr., Camden, Ala., for Board of Education.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The multiple issues in this long litigated school-teacher action have been so largely resolved that the present appeal presents only the remedial relief due two wrongfully discharged teachers. However, the district court did not adjudge these teachers' claims by the correct standards and a further remand is necessary.

Alberta T. Hayes and Brenda J. Williams both held Rank II provisional teaching certificates and both were employed by the defendant Board of Education for the 1971–1972 school year. On November 24, 1971 Mrs. Hayes and Miss Williams *apparently* were victims of racially discriminatory discharges because of their participation in demonstrations protesting the expulsion of black students who sought to transfer to previously all-white schools.[1] The court below

C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Edward H. Levi, U. S.

---

1. The order appealed from does not explicitly make this finding. It states "The court is not able to say conclusively, however, that elements other than academic expertise did not

awarded Mrs. Hayes back pay relief in the form of the pay she lost for the reaminder of the 1971–1972 school year and for the 1972–73 teaching period less such earnings as she had from other employment in those periods. The parties agreed upon the entitlement of Miss Williams to back pay. The present appeal is from the court's refusal to order the reinstatement of either teacher and its refusal to extend Mrs. Hayes' back pay award past the 1972–73 school year.

The district court explained that it based its action on (1) its study and analysis of the School Board's efforts to reduce the number of defense certified teachers and increase the number of teachers in the system who hold regular certificates [2] and (2) on an application of "the objective criteria required for the selection of teachers now used by the board where reduction in the number of teachers is indicated".[3] The order further states that based upon its observation of both teachers during their testimony, a substantial number of more highly qualified teachers are present in the system who could better promote the welfare of the district's pupils. The district court concluded that neither Miss Williams nor Mrs. Hayes would have been rehired for any term subsequent to 1972–73 and therefore neither teacher was entitled to an order of current reinstatement.

The order appealed from goes too far. When it determined that Mrs. Hayes and Miss Williams had been wrongfully discharged and were entitled to employment through the 1972–73 school term, the court erred in failing to apply the terms of its prior order placing the burden on the school district authorities of appraising these teachers under the objective non racial criteria contained in *La Vega* and *Singleton*, supra note 3. Mrs. Hayes' rights to back pay and the right of both teachers to reinstatement should only be determined by this procedure. These determinations should be made in light of the teacher's qualifications as of the time each separate determination would have been made if the teacher had not been discriminatorily discharged.[4] Each or either of them will of course have the right to further recourse to the court if they assert that such criteria were misapplied, but that matter is to be adjudged by measuring the school officials' actions against the criteria such officials are bound to apply and not according to general notions of competence or ability deduced by the court. *Cf.* Adams v. Rankin County Board of Education, 485 F.2d 324 (5th Cir. 1973).

The order appealed from is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.

have some part to play in the decision to discontinue Miss Williams' and Mrs. Hayes' employment." The United States contends that the court's award of back pay to Mrs. Hayes clearly indicates that a finding of discriminatory discharge must have been implied. We agree that this is the most likely interpretation of that finding. The School Board did not file a brief in this court on the instant appeal.

2. The stipulation of the parties showed the following Defense Certified Teacher employment:

| YEAR | NUMBER OF TEACHERS EMPLOYED | | | |
|---|---|---|---|---|
| | Rank I | Rank II | Rank III | Rank IV |
| 1971–72 | 0 | 15 | 3 | 3 |
| 1972–73 | 1 | 14 | 3 | 1 |
| 1973–74 | 0 | 4 | 1 | |

3. A consent order entered October 5, 1972 required the School Board to apply objective, non-racial criteria contained in United States v. Texas Education Agency (La Vega School District), 459 F.2d 600 (5th Cir. 1972). *See also* Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1970).

4. The United States asserts that Miss Williams now holds an Alabama Class B permanent teaching certificate and that Mrs. Hayes has earned enough additional credits to make her eligible for such a permanent certificate.